## Friedman et al. *v.* Maltinsky, Appellant.

*Negotiable instruments—Promissory notes — Endorsers — Joint endorsers—Contribution—Actions at law and in equity—Actions between joint endorsers—Payment by joint endorser—Property held as indemnity—Right to accounting—Controlling execution—Notice of protest—Mailing notice.*

1. The right to contribution arises upon payment of a common burden, and he who so pays may recover from those jointly liable with him without waiting to realize upon property that may have come to his hands through such payment.

2. While in general equity has jurisdiction to enforce contribution among those jointly liable, such jurisdiction is not exclusive, especially where the right grows out of a contract express or implied.

3. Where a joint endorser has paid the debt and has come into possession of property from which he may be indemnified, he is not

barred from his remedy in contribution merely by the fact that he holds such security, and there can be no set-off on account of the indemnity, unless its value is ascertained.

4. Where officers and stockholders of a corporation become accommodation endorsers on the corporation's promissory notes, the · responsibility of the endorsers is mutual, they each and all stand as sureties for the corporation and they are not entitled to notice of protest, if the corporation fails to pay the note at maturity.

5. Notice of protest, properly addressed, left in the place in the notary's office where mail is usually collected by the postman, is not a mailing required by the statute.

6. Where real estate has been conveyed to certain endorsers of a promissory note to indemnify them against the loss which they have sustained in consequence of being compelled to pay the note, and they manage the property for a time and collect the rents thereof, a coendorser who has not paid his share of the note cannot successfully defend an action at law for contribution on the theory that the case involves an accounting by plaintiffs for the receipts from and expenditures upon the property, and that equity, therefore, has exclusive jurisdiction; the defendant has no interest in the property until he has paid his share of the note although the execution may be controlled so as to protect his interest.

7. Six officers and stockholders of a corporation endorsed its promissory notes. Upon the maturity of the notes they were dishonored and four of the endorsers paid them. They subsequently received from the corporation certain real estate to indemnify them against the loss which they had sustained. They brought an action for contribution against one of the other endorsers. Defendant contended that plaintiffs should account to him for one-sixth of the profits received from the management of the real estate, and further contended that as the case involved complicated accounts between the parties an action at law could not be maintained. *Held*, the trial judge properly submitted the case to the jury.

8. Defendant's offer to show that plaintiffs had taken possession of personal property of the corporation was properly rejected, but would have been pertinent in an action to which the corporation was a party.

Argued Jan. 8, 1918.   Appeal, No. 90, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 2178, on verdict for plaintiff, in case of Henry Friedman, Jacob Roth, Max Friedman and Esther Firestone, Samuel Firestone and A. M. Simon, Executors of Estate of Henry Firestone, Deceased, v.

314   FRIEDMAN et al. *v.* MALTINSKY, Appellant.

Samuel Maltinsky.   Before BROWN, C. J., MESTREZAT,
POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING,
JJ.   Affirmed.

Assumpsit for contribution by joint endorsers of prom-
issory notes.   Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $11,115.19 and judgment there-
on.   Defendant appealed.

*Errors assigned* were answers to points and rulings on
evidence.

*H. D. Montgomery,* for appellant.—Jurisdiction at
law cannot be properly exercised under the complicated
facts and circumstances such as exist in this case.

Jurisdiction should be in equity alone where there are
complicated equities involved which are ordinary sub-
jects for equitable adjustment: Shillito v. Shillito,
160 Pa. 167; Malone v. Stewart, 235 Pa. 99; Gordon v.
Freed, 4 Montg. 183; Goff v. Campbell, 11 Kulp 168;
Blair v. Supreme Council A. L. of H., 208 Pa. 262; Bus-
sier v. Weekey et al., 11 Pa. Superior Ct. 463; Penn Iron
Co., Ltd. v. City of Lancaster, 25 Pa. Superior Ct. 478.

The plaintiffs should be estopped from making any
claim against the defendant by reason of the course of
conduct selected and pursued by them during a period
of time almost equal to the period of the statute of limi-
tations: Lewis v. Carstairs, 5 W. & S. 205; Cox v.
Rogers, 77 Pa. 160.

The method of mailing to the defendant notice of the
protest of the $40,000 note by the notary was not a mail-
ing as provided for by the established law of this State
and was not sufficient to make the defendant liable to the
bank as an endorser, under the provisions of the Negotia-
ble Instruments Act: American Bank v. Felder, 59 Pa.
Superior Ct. 166.

*Joseph Stadtfeld,* for appellee.—Irrespective of the express agreement between the parties, there was an implied agreement for contribution by reason of all the endorsers on the note being directors and stockholders of the corporation for whose accommodation the endorsements were made: Clapp v. Rice, 15 Gray 557; Hill v. Morse, 61 Me. 541.

The surety may enforce contribution even though payment by him was without compulsion.

A surety is not barred from remedy in contribution by the fact that he holds security: Williams v. Riehl, 127 Cal. 365.

Although not necessary, the notes were duly protested and notice given: Marquardt's Est., 251 Pa. 73; Barclay v. Weaver, 19 Pa. 396.

The court had jurisdiction in this action: Shillito v. Shillito, 160 Pa. 167; Marquardt's Est., 251 Pa. 73.

OPINION BY MR. JUSTICE WALLING, February 25, 1918:

This is an action of assumpsit for contribution between joint endorsers of promissory notes. The parties, plaintiffs and defendant, were stockholders in the McKeesport Natatorium and Medical Institute. As early as 1905 the corporation was a borrower of money from the Peoples Bank of McKeesport, for which it gave notes with certain of its officers and stockholders as accommodation endorsers. For their protection the corporation in December of that year gave them a second mortgage of fifty-one thousand dollars on its McKeesport property. In January, 1908, such indebtedness was forty thousand dollars; and the endorsers were Henry Firestone (now deceased), W. M. Downey, Henry Friedman, Max Friedman, Jacob Roth and S. Maltinsky, the defendant. At that time they entered into a written agreement, to the effect that among themselves each would pay one-sixth of whatever loss might result from such endorsement; and also that they should share equally in the mortgage and other securities pertaining to such indebtedness; so

that all might stand alike in the burdens and benefits. The forty thousand dollar note was renewed at the bank from time to time, with the same endorsers, until the last note was given April 15, 1909, and matured August 13th, of the same year; when it went to protest because defendant refused to join in a renewal.  At the same time he expressed his determination not to expend any more money on account of the corporation.  Three months thereafter the property was sold at sheriff's sale, by foreclosure proceedings on the second mortgage, and bought by the bank for a nominal consideration.  In February, 1910, the bank, for a consideration stated as forty thousand dollars, conveyed the property to Henry Firestone.  In June of the same year, Mr. Firestone executed a declaration of trust, setting forth that he held the property in trust for himself and for Henry Friedman, Jacob Roth and Max Friedman, in equal shares. They paid the forty thousand dollar indebtedness in like proportion, the defendant having refused to contribute thereto, Mr. Downey being absent and apparently without property.  Mr. Firestone died in October, 1911.

There was another note of twenty-five hundred dollars, of the same date, made and endorsed by the same parties for a like purpose and discounted by the First National Bank of Sutersville.  This note also went to protest for the same reason and was later paid by the parties who paid the other note.

In June, 1911, Mr. Firestone gave the Peoples Bank a mortgage of $32,500 on the property as additional security for the balance of the forty thousand dollars then remaining unpaid; which balance was paid before, and the mortgage satisfied of record after, this suit was brought.  The evidence tends to show that the property has not paid expenses since conveyed to Mr. Firestone. Defendant has never requested that a share of the property be conveyed to him, although plaintiffs are and have been willing to do so on his making pro rata contribution to the indebtedness.  On the theory of Mr. Downey's in-

solvency, of which there was some evidence, plaintiffs here sought to recover of defendant one-fifth of the $42,-500. The case was stubbornly contested and resulted in a verdict for plaintiffs for one-sixth of said amount, with interest. Defendant appealed from the judgment entered upon the verdict. We find no reversible error in the record.

The notice of the protest of the larger note, properly addressed, was left in the place in the notary's office where mail was usually collected by the postman. That was not a mailing of the notice as required by statute, and the jury were so instructed. If the case turned on that question it would be resolved in favor of defendant. But the jury found on sufficient evidence that defendant actually received his notice, hence the question of mailing became unimportant. Aside from that, the responsibility of the endorsers here was mutual, they each and all stood as sureties for the corporation. Such relation never requires demand and notice: Marquardt's Est., 251 Pa. 73, 79.

While in general equity has jurisdiction to enforce contribution among those jointly liable, such jurisdiction is not exclusive, especially where the right grows out of a contract express or implied. "The right to contribution in such case is founded upon equitable principles and was originally enforceable only in a court of equity. Now, however, it may be enforced in a court of law, if a contract to make contribution can be implied from the circumstances which create the common liability, as where one of two sureties is compelled to discharge their mutual undertaking to answer for the default of their principal. But a court of equity still has jurisdiction to enforce contribution, and in many cases it is the only court affording a convenient and complete remedy therefor": Shillito v. Shillito, 160 Pa. 167, 170. Plaintiffs' claim in the present case is a simple one for contribution; but it is urged for defendant that it involves an accounting by plaintiffs for the receipts and expenditures

of the property above referred to and that equity alone has jurisdiction. Undoubtedly the property is held as security, but defendant having paid nothing as an endorser is not yet in a position to share therein. On payment of the judgment in this case he will be entitled to an undivided interest in the property; and the trial court very properly suggests that the execution can be so controlled as to protect his interest in that regard. But at the trial defendant had paid nothing on his endorsements and had no legal or equitable claim to the property and nothing to set off.

The right to contribution arises upon payment of the common burden; and he who so pays may recover from those jointly liable with him without waiting to realize upon property that may have come to his hands through such payment. The property will of course stand as security common to all in proportion to their contribution to the burden. "The surety is not barred from his remedy in contribution merely by the fact that he holds security, and there can be no set-off on account of the indemnity unless its value is ascertained, either by reducing it to money or otherwise": Stearns on Suretyship, p. 494. The plaintiff, in an action for contribution, after having paid out his money is not compelled to wait until he can realize upon some collateral indemnity, while his cosurety has paid nothing. This would not make their burdens equal: Williams v. Riehl, 127 Cal. 365, 371. Defendant, who first broke the contract between the endorsers by refusing to pay his share or to renew the notes, is not in a position to complain because his coendorsers thereafter failed to comply with its terms. The jury found that the foreclosure of the mortgage was bona fide and not collusive; and, when the declaration of trust was made, the defendant could not be named as a beneficiary for he had paid nothing. A claim for contribution is subject to the statute of limitations but not lost by laches, and nothing is shown that as mat-

ter of law estops the plaintiffs from recovering in this case.

Defendant's offer to show that plaintiffs had taken possession of personal property of the corporation was properly rejected. As suggested by the trial court, such fact would be pertinent in an action to which the corporation was a party but could have no bearing in this case. Plaintiffs have never refused to grant defendant a share in the property or to account for same. Because of his default they had to take a course somewhat different from that contemplated by the contract, but he has not been released from his obligation as coendorser. The jury found the controverted questions of fact against the defendant.

The assignments of error are overruled and the judgment is affirmed.