Feldman et al., Appellant, *v.* Gomes et al.

85

Argued November 21, 1929.

Before PORTER, P. J., TREXLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

*Leon E. Sperling,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Robert V. Bolger,* and with him *Maskell Ewing, Jr.,* for appellee.

OPINION BY TREXLER, J., January 29, 1930:

The automobile of Harry Gomes collided with that of Joseph Abel and as a result Millie Feldman was injured. She and her husband brought suit charging both defendants with negligence and recovered judgment against them. Abel was insured with the Com-

monwealth Casualty Company which settled with the plaintiffs through its attorney and the judgment was marked to the use of Leon Sperling, the real assignee being the insurance company. The use plaintiff issued a ca. sa. against Gomes, who thereupon presented his petition alleging the facts above set forth and asking that the writ be quashed. The court below granted his prayer.

It is a familiar principle of law that the courts will look behind the nominal parties of the record to determine their respective rights, but in this case, it is not necessary to do this, for in his answer to the rule, the use-plaintiff admits that he is acting for the Commonwealth Casualty Company who was the insurer of Abel, the co-defendant of Gomes.

The question is what are the rights of one who under such circumstances is seeking contribution? There can in such a case as this be subrogation where a judgment is recovered against one of two parties guilty of joint negligence and the party paying the judgment has a right to have the judgment marked to his use. Goldman v. Mitchell-Fletcher Co., 292 Pa. 354.

Can such judgment be enforced by capias? Appellant argues that the judgment purchased by it through its agent, Sperling, continues to have the same incidents as it had before its transfer and that it, as use-plaintiff, can employ all the remedies for its collection as were originally possessed by the legal plaintiffs. Ordinarily, this is true of the purchaser of a judgment. When, however, we analyze the present situation, we see that the right to recover contribution from the joint tort feasor is predicated upon the relation the other defendant bears to him. A co-defendant has a right to be relieved from the unjust position of paying the entire judgment recovered for the wrong done by both. This is an application of equitable principles. The legal plaintiffs have no claim, for they have been paid.

The use-plaintiff takes their place, but to obtain contribution from the uninsured defendant, it must work out the scheme through the defendant on whose behalf under the contract of insurance it has paid the claim. It cannot be subrogated to a claim which does not exist in the co-defendant. As between the two defendants, the contribution is not a matter of recovery for a tort. It is a liability arising from an implied engagement to jointly contribute for the wrong done. It is a mere debt arising from an equitable duty, having none of the elements of a tort. "The right of the insurer against the person whose fault has caused the injury which was the basis of the loss was measured by the rights of the other against said person." John Wanamaker v. Otis Elevator Co., 228 N. Y. 192; 126 N. E. 718; 36 C. J. 1119; U. S. v. American Tobacco Co., 166 U. S. 468; Cooley Briefs on Insurance, 2nd Edition, Vol. 7, p. 6679. The use-plaintiff by acquiring the judgment of the plaintiffs received no greater right than the co-defendant would have, had he paid the judgment and it is confined to the remedies employed for the collection of an ordinary debt. It is hardly necessary to state that the Act of July 12, 1849, P. L. 339, abolishing imprisonment for debt provides that no defendant shall be arrested or imprisoned on any civil process for any money due upon any contract express or implied. The use-plaintiff exceeded its rights when it issued the capias.

The order of the lower court quashing the writ is affirmed.