## Hagerty v. Gow Company, Inc.

*Albert G. F. Curran,* for plaintiff; *Harry S. Ambler,* for defendant.

ALESSANDRONI, J., January 9, 1931.—Eugene J. Hagerty brought suit to recover damages sustained by him as the result of a collision between his Packard limousine and the defendant's Mack truck. It is alleged that the accident resulted from the negligence of the defendant's driver. The defendant filed an affidavit of defense, averring that the proximate cause of the collision was the negligence of the operator of the plaintiff's Packard limousine,

and a counterclaim for $2250. The counterclaim is based on the following facts:

Four passengers in Eugene J. Hagerty's car had brought suit against the defendant for injuries sustained as a result of the collision which forms the basis of the plaintiff's action. The defendant settled these suits for the sum of $4500, and it is averred that Eugene J. Hagerty was a joint tortfeasor with the defendant company, for which the defendant company has a right of contribution against him in the sum of one-half of the amount paid by the defendant to the plaintiff's passengers.

The rule to strike off the counterclaim is based on the allegation that this counterclaim cannot be maintained in an action of trespass. The Practice Act of 1915 provides for a set-off or counterclaim only in actions in assumpsit. An amending act of April 4, 1929, P. L. 140, provides that section thirteen, regarding trespass actions, shall be amended to read, in part, as follows: "The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action." The defendant relies upon this act as authority for the procedure he adopted in setting forth his counterclaim.

Our interpretation of the act in question is that it was intended to cover a situation where the defendant sustained damages directly as the result of the same circumstances on which the plaintiff's claim is based and in which the defendant denies negligence on his part and avers negligence on the part of the plaintiff. The language of the act is clear in this respect. The defendant's counterclaim sets forth that the defendant and the plaintiff are joint tortfeasors, as a result of which a right of contribution arises. This presupposes that both the plaintiff and defendant were guilty of negligence in causing the accident, and, therefore, does not meet the requirements of the Act of 1929.

Moreover, the act was intended to cover cases in which the defendant himself suffered damages directly resulting from the accident and not a situation where the claim comes indirectly through a right of action which third parties have brought in other proceedings against the defendant. The title of the amending act of 1929 states that the act permits "cross-suits in actions of trespass." This title supports our interpretation.

It is also pertinent to note that the right of contribution is based upon principles of equity or contractual rights and is not a trespass action. As stated in Friedman v. Maltinsky, 260 Pa. 312: "While in general equity has jurisdiction to enforce contribution among those jointly liable, such jurisdiction is not exclusive, especially where the right grows out of a contract express or implied. 'The right to contribution in such case is founded upon equitable principles and was originally enforceable only in a court of equity. Now, however, it may be enforced in a court of law, if a contract to make contribution can be implied from the circumstances which create the common liability, as where one of two sureties is compelled to discharge their mutual undertaking to answer for the default of their principal.'" See, also, Armstrong County v. Clarion County, 66 Pa. 218.

There is another reason why the counterclaim must be stricken off. The right of contribution among tortfeasors is based on the fact that "one of several wrongdoers has been compelled to pay the damages for the wrong committed:" 13 C. J. 826, 828, §§ 18, 24. The expression "compelled to pay"

means legally compelled to pay and not a voluntary settlement by one of the joint tortfeasors in a suit against him alone. Such action is voluntary on his part and is without the judicial support which exists when a jury renders a verdict. One joint tortfeasor cannot of his own initiative and volition create an obligation which he can subsequently foist upon another joint tortfeasor in an action for contribution. We have carefully examined all the cases in this jurisdiction dealing with the right of contribution between joint tortfeasors and find none in which the right of contribution was enforced without a judgment having first been entered in the proceeding for which contribution was sought.

And now, to wit, January 9, 1931, the rule to strike off counterclaim is made absolute.