## McArthur's Appeal

*John W. Cost* and *Wm. J. Graham,* for appellants.
*Gerald D. Prather,* for Department of Revenue.

KENT, P. J., August 8, 1938.—This matter comes before the court upon petition of Linn McArthur and Ethel B. McArthur, praying for the granting of a rule on the

Secretary of Revenue of the Commonwealth of Pennsylvania to show cause why the suspension of petitioners' operators' privilege and registration plates should not be overruled and petitioners granted their former rights and privileges which they had to own and operate motor vehicles in this Commonwealth prior to May 20, 1938. Upon presentation of this petition, the following order was entered:

"And now, to wit, June 10, 1938, upon presentation of the within petition, upon consideration of the same after oral argument by counsel for petitioners, it is ordered, adjudged, and decreed that a rule be granted on the Secretary of Revenue in and for the Commonwealth of Pennsylvania to show cause why the suspension of operators' privilege and registration plates of Linn McArthur and Ethel B. McArthur, dated May 20, 1938, should not be overruled and the Secretary of Revenue directed to reinstate the said Linn McArthur and Ethel B. McArthur to their former and prior rights and privileges of operators and owners of motor vehicles in the Commonwealth of Pennsylvania. Thirty days' written notice of this rule to be given to the Secretary of Revenue of the Commonwealth of Pennsylvania.

"Rule returnable sec. reg. and the hearing is hereby fixed for Monday, August 1, 1938, at 9:30 a. m. (eastern standard time)."

The pertinent and material facts do not seem to be in controversy, but, to the contrary, at the beginning of the hearing on August 1, 1938, counsel representing the Secretary of Revenue of the Commonwealth of Pennsylvania stated to the court as follows:

"I am willing to admit all the facts as set forth in the docket entries set forth in the docket of Allegheny County, and will further admit all the other facts as stated in your petition . . . Attorney for the Secretary of Revenue admits the following averments contained in the petition: Paragraphs 1, 2, 3, 4, 5, 7, 8, 9, 10, and admits paragraph 12 as follows: Your petitioner, Linn McAr-

thur, further represents that the judgment in the Common Pleas Court of Allegheny county has been satisfied, insofar as the plaintiff Sherman B. Frew and his wife are concerned."

The admitted facts are as follows:

That petitioners are residents of Westford, Crawford County, Pa.; that on November 25, 1934, an accident occurred on the William Penn Highway, known as route no. 8, in the Borough of Glenshaw, Allegheny County, Pa.; that the accident involved damage to automobiles owned and operated by John S. Holt, Linn McArthur, and Sherman Bruce Frew as well as personal injuries to Ethel M. McArthur, Nancy Frew, and John S. Holt; that an action in trespass was instituted by Sherman B. Frew and Nancy Frew, his wife, in the Court of Common Pleas of Allegheny County, Pa., at no. 1557 January term, 1936, against John S. Holt; that said defendant, through his insurance carrier, by virtue of a scire facias proceeding brought upon the record as additional defendants therein, Linn McArthur and Ethel B. McArthur; that the case was proceeded with, in the absence of the additional defendants, to the end that a verdict was rendered against the original defendant and the additional defendants in the sum of $3,000 which was later reduced to $2,500 by the court; that the verdict having been reduced to judgment was paid by the original defendant's insurance carrier and assigned of record to said original defendant, John S. Holt; that later, on January 26, 1938, a certification thereof was forwarded by the prothonotary to the Secretary of Revenue; that a notice was received by petitioners, additional defendants, on May 21, 1938, of the suspension of their operators' and registration permits for failure to satisfy the judgment aforementioned.

It is from this suspension that the rule to show cause now before the court was entered, this proceeding being in the nature of an appeal from that decision of revocation. In addition to the above-recited admitted facts, the

additional defendant, Linn McArthur, avers that he is employed by the School Directors of South Shenango Township, Crawford County, Pa., as an operator of a bus for the conveying of children to and from school; and that in connection therewith, since 1935, has shown his financial responsibility by furnishing insurance for all conveyances which he operated. At the time of hearing and upon argument, counsel for the Department of Revenue maintained that the proceeding in the revocation of the privileges and registration plates was legal, in that by reason of the assignment to Holt, the original defendant, he was entitled to contribution from the additional defendants.

It is a familiar and well-known principle of law that courts will look behind the nominal parties of record to determine respective rights. In the instant case, the verdict and judgment were against all defendants. Therefore, we can consider them as codefendants, insofar as the verdict is concerned; and from the fact that Holt was insured against liability for damages and that the judgment so obtained was paid or satisfied, insofar as the plaintiffs were concerned, by the insurance carrier, we can but conclude that the insurance carrier is the real use-plaintiff in the judgment. The additional defendants having been brought upon the record by scire facias proceeding, they were not codefendants with the original defendant. An additional issue was raised between defendants. The verdict rendered by the jury does not mention whether the additional defendants are solely or jointly liable. Therefore, it can only be presumed from the wording of the verdict that they are possibly jointly liable.

Does the right of contribution extend to the insurance carrier, if any? In our judgment, it does not. While it has been held that the right of subrogation exists where a judgment has been recovered against one of two parties guilty of joint negligence and that the party paying the judgment has the right to have it marked to his use: Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354; such

facts do not exist in the instant case. It clearly appears that defendant Holt did not satisfy the judgment. It has also been ruled in Pennsylvania that in cases of this character contribution cannot be enforced by an attachment execution: Parker, to use, v. Rodgers et al., 125 Pa. Superior Ct. 48. In this case, Parker, J., in his opinion says:

" 'The doctrine of contribution rests on the principle that, when the parties stand in aequali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. . . . [It] comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation': 13 C. J. 821. 'Contribution is bottomed and fixed on general principles of natural justice, and does not spring from contract': *Dering v. Earl of Winchelsea,* 1 Cox 318, cited with approval in *Armstrong County v. Clarion County,* 66 Pa. 218, 221. As expressed by Judge Linn, now Mr. Justice Linn, in *Greenwald v. Weinberg,* 102 Pa. Superior Ct. 485, 488, 157 A. 351, 'their joint relation imposed equality of burden.' One debtor may not recover from his co-obligors until he has paid more than his share and then only the excess he has paid: 13 C. J. 825. Where contribution is allowed among joint tort feasors after judgment recovered against them, the allowance is based not on the tort but arises by reason of an implied engagement of each to contribute on an equitable basis a sum sufficient to satisfy the judgment and to bear the common burden as reason and natural justice dictate. Where the joint judgment debtors are all in the same class no difficulty is encountered and each must bear his pro rata share: *Goldman v. Mitchell-Fletcher Co.,* supra.

"The question now raised arises by reason of the fact that the three judgment debtors here involved were not in the same class. The rights of the plaintiff against the defendants and the rights of the defendants inter sese are not the same. The claim of the plaintiff was based on a

tort and she was privileged to exact payment of the whole sum from any one or more of the defendants, while the claims of the defendants among themselves are founded on the application of equitable principles and do not sound in tort. We recognized this distinction in the case of *Feldman v. Gomes*, 98 Pa. Superior Ct. 84, where in a claim for contribution we held that if one defendant in an action in trespass discharged the debt he might have the judgment marked to his use or to the use of another for him, but that when he sought to collect the judgment from his codefendant he could not employ a capias ad satisfaciendum but was confined to the remedies available for the collection of an ordinary debt.

"This case, as we have said, is to be differentiated from others by the fact that the defendants are not all in the same class. They were properly joined by the plaintiff in one action which could not have been done prior to the passage of the sci. fa. act providing for joining additional defendants: *Williams v. Kozlowski*, 313 Pa. 219, 226, 169 A. 148; *Brennan v. Huber*, 112 Pa. Superior Ct. 299, 308-309, 171 A. 122. However, the old distinction on which the former rule was founded remains for some purposes."

In Feldman et al. v. Gomes et al., 98 Pa. Superior Ct. 84, Trexler, J., says:

"It is a familiar principle of law that the courts will look behind the nominal parties of the record to determine their respective rights, but in this case, it is not necessary to do this, for in his answer to the rule, the use-plaintiff admits that he is acting for the Commonwealth Casualty Company, who was the insurer of Abel, the codefendant of Gomes.

"The question is what are the rights of one who under such circumstances is seeking contribution? There can in such a case as this be subrogation where a judgment is recovered against one of two parties guilty of joint negligence and the party paying the judgment has a right

to have the judgment marked to his use. Goldman v. Mitchell-Fletcher Co., 292 Pa. 354.

"Can such judgment be enforced by capias? Appellant argues that the judgment purchased by it through its agent, Sperling, continues to have the same incidents as it had before its transfer and that it, as use-plaintiff, can employ all the remedies for its collection as were originally possessed by the legal plaintiffs. Ordinarily, this is true of the purchaser of a judgment. When, however, we analyze the present situation, we see that the right to recover contribution from the joint tort feasor is predicated upon the relation the other defendant bears to him. A co-defendant has a right to be relieved from the unjust position of paying the entire judgment recovered for the wrong done by both. This is an application of equitable principles. The legal plaintiffs have no claim, for they have been paid. The use-plaintiff takes their place, but to obtain contribution from the uninsured defendant, it must work out the scheme through the defendant on whose behalf under the contract of insurance it has paid the claim. It cannot be subrogated to a claim which does not exist in the co-defendant. As between the two defendants, the contribution is not a matter of recovery for a tort. It is a liability arising from an implied engagement to jointly contribute for the wrong done. It is a mere debt arising from an equitable duty, having none of the elements of a tort. 'The right of the insurer against the person whose fault has caused the injury which was the basis of the loss was measured by the rights of the other against said person.' John Wanamaker v. Otis Elevator Co., 228 N. Y. 192; 126 N. E. 718; 36 C. J. 1119; U. S. v. American Tobacco Co., 166 U. S. 468; Cooley Briefs on Insurance, 2nd Edition, Vol. 7, p. 6679. The use-plaintiff by acquiring the judgment of the plaintiffs received no greater right than the co-defendant would have, had he paid the judgment and it is confined to the remedies employed for the collection of an ordinary debt."

If the right to contribution cannot be enforced by attachment or by capias ad satisfaciendum, is it equitable that a person's operator's license and registration plates should be suspended upon the certification of a judgment, so far as is involved in the instant proceeding? In our judgment, it should not, as it clearly appears, as said in the last above-mentioned case, that the use-plaintiff, by acquiring the judgment of the plaintiffs, receives no greater right than the codefendant would have, had he paid the judgment, and it is confined to the remedy employed for the collection of an ordinary debt.

The method used in the instant case is not a remedy employed for the collection of an ordinary debt. When the judgment was paid by defendant Holt's insurance carrier, it was satisfaction thereof insofar as plaintiffs were concerned; original defendant, or his assignee, was obliged to collect any alleged contribution as an ordinary debt.

Aside from this reasoning, it clearly appears from the evidence that defendant, Linn McArthur, is engaged in operating a school bus for the conveyance of school children to and from the schools. This has been and will be his occupation if he is not prohibited from so doing. Such a prohibition would take from him his means of livelihood, which, in the opinion of the Attorney General, as stated in Financial Responsibility of Vehicle Operators, 32 D. & C. 161, should not exist.

Considering the instant case, in the light of these authorities, we are clearly of the opinion that the Secretary of Revenue erred in his action suspending the operators' privilege and registration plates of the additional defendants for failure to satisfy the judgment involved. Wherefore, we enter the following

*Order*

Now, August 8, 1938, the appeal of Linn McArthur and Ethel McArthur is sustained. The action of the Secretary of Revenue is reversed, and the Secretary of Revenue is directed to reinstate the operators' privilege and

registration plates of appellants, granting to them their former rights and privileges to own and operate motor vehicles in this Commonwealth, as they had enjoyed prior to May 20, 1938.