## Seltzer v. Mitchell

*F. W. Sullivan* and *H. Durston Saylor*, for plaintiff.
*H. J. Elkman*, for defendant.

WINNET, J., November 22, 1949.—This suit comes up for disposition on a case stated. Plaintiff and de-

fendant entered into a written lease under the terms of which defendant agreed to pay as additional rent "all charges for water consumed upon the demised premises in excess of the yearly minimum meter charge . . . immediately when the same became due."

Plaintiff as lessor paid to the Receiver of Taxes of the City of Philadelphia excess water bills for the leased premises for the period from September 22, 1944, to August 22, 1946, in the sum of $176.76, and excess sewer rent bills for the period December 31, 1945, to August 22, 1946, in the sum of $36.77. Defendant has refused to repay these sums.

Defendant's contention is that there are other tenants on the premises whose leases contain identical provisions for reimbursement to the lessor of excess water rent and he offers to pay his proportionate share. Liability for the sewer rent charge is denied.

There is no ambiguity in the clause under which defendant undertook to pay the excess charge for water consumed on the premises. The fact that there are other tenants using the water has made this agreement burdensome to defendant.

This court cannot give relief to a person who makes an improvident agreement. It may very well be that defendant may have a right of contribution from the other tenants. See A. L. I. Restatement of the Law of Restitution, §81; Friedman et al. v. Maltinsky, 260 Pa. 312, 317. We, however, are not concerned with this problem.

As for the liability of defendant for the sewer rent charge another question arises. Such liability would not flow from clause 6 (d) under which there is liability for the excess water rent. It would arise under clause 6 (b) by which as lessee he agreed "to pay as rent, in addition to the minimum rental herein reserved, all taxes assessed or imposed upon the demised premises . . . in excess of, and over and above those assessed or

imposed at the time of making this lease." Philadelphia Trustee v. N. Snellenburg & Co., Inc., 163 Pa. Superior Ct. 507, holds that a sewer rent charge is in the nature of a tax and must be paid by the tenant under a clause by which increased taxes are to be paid by a tenant.

The only question is whether this court has a right to consider clause 6(b). It is not a part of the case stated. Paragraph 9, of the case stated, does say: "all of the averments of the complaint and new matter are admitted for the purpose of submitting this issue as a case stated". This incorporates the whole lease as a part of the case stated. Under clause 6(b), as interpreted in Philadelphia Trustee v. N. Snellenburg & Co., Inc., supra, there is liability to pay the sewer rent.

The parties have computed in the case stated that the total amount due plaintiff, in the event of a finding in his favor, including interest, is $251.16.

The court finds for plaintiff in the sum of $251.16.