## Gayman v. Beltzhoover

*Landis & McIntosh*, for plaintiff.
*Frederick J. Templeton*, for defendant.

SHEELY, P. J., August 2, 1951.—The sole question presented in this case is whether the right of a tortfeasor to contribution from his joint tortfeasor should be asserted in assumpsit or in trespass. The complaint alleges that the parents of defendant brought an action against plaintiff to recover the damages to their motor vehicle resulting from a collision which occurred when the vehicle, driven by defendant, Edward Beltzhoover,

collided with a motor vehicle owned and operated by plaintiff. The trial in that case resulted in a verdict in favor of plaintiffs therein and against Earl Gayman for $694.35, with a finding by the jury that both Edward Beltzhoover and Earl Gayman were negligent. Gayman, having paid the judgment, brought this action in trespass against Edward Beltzhoover to enforce his right of contribution, claiming one half of the amounts expended. Defendant, Beltzhoover, has filed preliminary objections contending that the action should have been brought in assumpsit instead of in trespass.

Prior to the case of Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354 (1928) the right to contribution between joint tortfeasors was not generally recognized. Since the decision in that case contribution has been allowed except in certain cases, and the action of the Supreme Court was, in effect, confirmed by the legislature by the Act of June 24, 1939, P. L. 1075, which provides: "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary": Fisher v. Diehl, 156 Pa. Superior Ct. 476, 482 (1944).

The form of action by which contribution should be enforced was not prescribed by the legislature or by the Procedural Rules Committee. The only case in which the question was directly decided is Eplett v. Russell, 65 Montg. 277 (1949), where it was held that assumpsit was the proper remedy. With this conclusion we agree.

The question of the right to contribution by joint tortfeasors most frequently arises in trespass actions either where plaintiff sues both tortfeasors, or where the tortfeasor sued joins the other tortfeasor as an additional defendant, and plaintiff in either case obtains judgment against both defendants. Where plaintiff recovers judgment against two tortfeasors in a case in which

contribution is allowed, defendant paying the judgment is entitled to have it marked to his use in order that he might compel his codefendant to pay his one-half share of the judgment: Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354, 365 (1928). In such case "the liability to contribution was an element in plaintiff's suit from the beginning to the end": Anstine et al. v. P. R. R. Co., 352 Pa. 547, 551 (1945). Under our third-party procedure the right to contribution from a joint tortfeasor may be asserted in the action of trespass brought by plaintiff by joining the alleged joint tortfeasor as an additional defendant and in working out the contribution between them after judgment has been entered against both. As stated by Mr. Justice Kephart in Gossard v. Gossard et al., 319 Pa. 129, 133 (1935) : "It (the purpose of the Sci. Fa. Act) was to avoid multiplicity of suits, to compel every interested person to appear and have adjudicated conflicting rights in a single action, to save the original defendant from possible harm resulting from loss of evidence if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part. . . . *The act works out contribution as between joint tortfeasors.*" (Italics supplied.)

Under this procedure it is possible to join as an additional defendant, for the sole purpose of enforcing contribution, one who would not be directly liable to plaintiff and who could not be sued by plaintiff. Thus, in Fisher v. Diehl, 156 Pa. Superior Ct. 476 (1944), a husband was permitted to be joined as an additional defendant in an action brought by his wife in order that original defendant could enforce contribution if it were found that the wife's injuries were caused by the concurring negligence of original defendant and the husband, it being provided in the order that no execution could be issued by plaintiff upon the judgment entered against additional defendant. In all

cases of this nature, the court retains control of the judgment thus entered and may limit its use to work out the rights between defendants: Maio, exec., v. Fahs, 339 Pa. 180 (1940).

Of course, where the action is brought by plaintiff against both tortfeasors, or where a joint tortfeaser is joined as an additional defendant, the initial form of action is trespass since the action is based on plaintiff's right, which is in tort, and plaintiff would ordinarily have all the rights incident to a judgment in trespass. But, as between the two defendants, the situation is different. Even though the judgment is entered in trespass, the courts will look behind the nominal parties on the record to determine their respective rights. As stated in Feldman et al. v. Gomes et al., 98 Pa. Superior Ct. 84, 87 (1929), a case in which the insurance carrier of one defendant paid the judgment, had it marked to its use and then issued a capias ad satisfaciendum against the codefendant:

"As between the two defendants, the contribution is not a matter of recovery for a tort. It is a liability arising from an implied engagement to jointly contribute for the wrong done. It is a mere debt arising from an equitable duty, having none of the elements of a tort. . . .

"The use plaintiff, by acquiring the judgment of the plaintiffs, received no greater right than codefendant would have had he paid the judgment, and it is confined to the remedies employed for the collection of an ordinary debt. It is hardly necessary to state that the Act of July 12, 1849, P. L. 339, abolishing imprisonment for debt, provides that no defendant shall be arrested or imprisoned on any civil process for any money due upon any contract express or implied. The use plaintiff exceeded its rights when it issued the capias."

The basis of the right to contribution between joint tortfeasors was considered in Parker v. Rodgers et al., 125 Pa. Superior Ct. 48, 51 (1937), in which case

plaintiff recovered judgment against two joint tort-feasors and the employer of one of them. The insurance carrier of the employer paid one half of the judgment. The insurance carrier of the other defendant then paid the remaining one half, and, by an attachment execution against the insurance carrier of the employer, sought to recover contribution on the theory that among the defendants each was liable for one third of the whole judgment. The court said:

" 'The doctrine of contribution rests on the principle that, when the parties stand in aequali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. . . . (It) comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation'; 13 C. J. 821. 'Contribution is bottomed and fixed on general principles of natural justice, and does not spring from contract': ؟ . . . As expressed by Judge Linn, now Mr. Justice Linn, in Greenwald v. Weinberg, 102 Pa. Superior Ct. 485, 488; 157 Atl. 351; 'Their joint relation imposed equality of burden.' One debtor may not recover from his co-obligors until he has paid more than his share and then only the excess he has paid: 13 C. J. 825. *Where contribution is allowed among joint tortfeasors after judgment recovered against them, the allowance is based not on the tort but arises by reason of an implied engagement of each to contribute on an equitable basis a sum sufficient to satisfy the judgment* and to bear the common burden as reason and natural justice dictate. . . . (Italics supplied.)

In Philadelphia v. Reading Co., 295 Pa. 183 (1929), the city brought an action of assumpsit against a land owner to recover the amount of damages which it was compelled to pay for personal injuries suffered by a

person by reason of the negligent maintenance of the property. Defendant questioned whether assumpsit was the proper form of action, and the Supreme Court said:

"Trespass has been resorted to in certain other actions (Phila. v. Bergdoll, 252 Pa. 545; Orth v. Consumers Gas Co., 280 Pa. 118) but it would seem that with greater propriety assumpsit might have been used. The action is brought to recover money paid by the plaintiff which should have been paid by defendant. The essence of the plaintiff's claim is the breach of an implied contract of indemnity arising in its favor with the negligent property owner. In Armstrong v. Clarion Co., 66 Pa. 218, one county was allowed to recover from another, in an action of assumpsit, one-half of a verdict recovered against the other resulting from a defect in a bridge jointly owned by the two counties. We are of opinion that assumpsit was the proper remedy." (It will be noted that neither in Philadelphia v. Bergdoll nor in Orth v. Consumers Gas Co. was the question of the form of action raised or considered.)

Plaintiff would distinguish this case on the theory that the basis of the recovery there was indemnity, while in the present case the basis of recovery is contribution, and cites Builders Supply Company v. McCabe, 366 Pa. 322 (1951) as indicating the difference between indemnity and contribution. It is there pointed out that the right to indemnity arises where a person, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable, and that there can be no indemnity in the case of concurrent or joint tortfeasors since, as between them, there is only a common liability and not a primary and secondary one, even though one may have been more negligent than the other. This argument, however, loses sight of

the real basis for recovery in each case. In the case of indemnity a plaintiff is permitted to recover that which he had been compelled to pay for the fault of another and which should have been paid by the other. In the case of contribution a plaintiff is permitted to recover the amount he has been required to pay in excess of his share and which should have been paid by the other. In both cases the recovery is based on the implied obligation of defendant to pay that which plaintiff has paid on his behalf, and is not based on the tort liability. The action should, therefore, be brought in assumpsit.

It is plaintiff's theory that, since his right to impose liability upon defendant depends upon his ability to prove that defendant's negligence contributed to the happening of the accident on which the prior judgment was based, the action would properly be trespass. The error of this theory lies in the fact that it is not the nature of the proof required that determines the form of action to be brought, but it is the nature of the right sought to be enforced. The authorities above quoted fully demonstrate that, while the right of the injured party is in tort and, therefore, properly asserted in trespass, the right of contribution between the joint tortfeasors is not in tort but is based on the implied undertaking and is, therefore, properly asserted in assumpsit, and that even though the rights be adjudicated in the trespass action brought by plaintiff, the judgment entered will, as between defendants, be treated as a judgment in assumpsit.

It follows that the preliminary objections must be sustained. The only objection raised by the preliminary objections which was pressed was as to the form of action. The complaint filed seems to state a good cause of action in assumpsit and no purpose would be served by instituting a new action or filing a new complaint. Plaintiff will, therefore, be directed to file an amendment changing the form of action from "trespass" to

"assumpsit", after the filing of which defendant shall have 20 days within which to file an answer.

And now, August 2, 1951, the preliminary objections filed by defendant are sustained and plaintiff is directed, within 20 days of this date, to file an amendment changing the form of action from "trespass" to "assumpsit" and to serve the same upon defendant, after which defendant shall have 20 days in which to file an answer.