452 A.2d 16

**MICHIGAN MILLERS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY CORPORATION.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Oct. 22, 1982.

89

Kenneth A. Clouse, Media, for appellant.

Robert N. Speare, Media, for appellee.

Before SPAETH, CAVANAUGH, O'KICKI,* JJ.

O'KICKI, Judge:

This case comes before us on appeal from an Order of the Court of Common Pleas of Delaware County granting Defendant/Appellee's Motion for Summary Judgment in a suit in assumpsit, and denying Plaintiff/Appellant's Motion for Summary Judgment in the same suit. Jurisdiction is conferred upon the Superior Court by the Act of 1970, 17 P.S. Section 211.301.

* President Judge JOSEPH F. O'KICKI of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

Appellant, Michigan Millers Mutual Insurance Company, at all times relevant to the instant case, was the insurance carrier for an individual named Timothy J. Malloy. Appellee, United States Fidelity and Guaranty Corporation, at all times relevant to the instant case, was the insurance carrier for the Dan Malloy Company. Appellant's Complaint in Assumpsit in the trial Court arose from a prior lawsuit in which Timothy Malloy was a defendant and Dan Malloy Company was an additional defendant. That case resulted in a jury verdict in favor of those plaintiffs against both the defendant, Timothy Malloy, additional defendant, Dan Malloy Company, with liability over from the defendant, Timothy J. Malloy, to the additional defendant, Dan Malloy Company. The jury verdict, rendered on May 15, 1969, was in the amount of $8,000.00—$7,000.00 for the minor plaintiff and $1,000.00 for the parents and natural guardians of the minor plaintiff.

The Appellant herein, Michigan Millers Mutual Insurance Company, insurance carrier for the defendant, Timothy J. Malloy, subsequent to the aforesaid jury verdict, paid the entire amount to the plaintiffs plus costs in the amount of $284.20. The verdict was thus satisfied and a Praecipe to enter judgment upon the verdict against Dan Malloy Company was entered.

Thereafter, Michigan Millers Mutual Insurance Company instituted this action seeking to recover from United States Fidelity and Guaranty Corporation either the entire amount of the verdict and costs paid by Michigan Millers Mutual Insurance Company on behalf of the defendant, or in the alternative, to recover contribution from United States Fidelity and Guaranty Corporation. Michigan Millers Mutual Insurance Company filed a Motion for Summary Judgment against United States Fidelity and Guaranty Corporation and they, in turn, filed a Motion for Summary Judgment against Michigan Millers Mutual Insurance Company. The trial Court, by an Order dated October 24, 1978, denied Appellant's Motion for Summary Judgment and granted

Appellee's Motion for Summary Judgment. Michigan Millers Mutual Insurance Company appeals this Order.

Three issues arise:

1. Was Michigan Millers Mutual Insurance Company a volunteer when it satisfied the verdict?

2. Is United States Fidelity and Guaranty Corporation entitled to a judgment as a matter of law if Michigan Millers Mutual Insurance Company voluntarily satisfied the verdict?

3. Is Michigan Millers Mutual Insurance Company entitled to contribution albeit a volunteer as per case authority or statutory interpretation?

In our determination of the first issue, we must agree with Appellant, Michigan Millers Mutual Insurance Company. Appellant had a duty to satisfy the verdict even though there was no contract, as such, between the two Insurance Companies. Michigan Millers Mutual Insurance Company had not only a moral duty to satisfy the verdict, but also a legal duty—it did have a secondary duty to protect its insured upon failure of United States Fidelity and Guaranty Corporation to discharge its duty. As the *Restatement of Restitution,* Sections 2 and 162 at page 654 states:

> "... where the plaintiff is not officious, and he uses his property or his property is used in discharging the obligation of another, or a lien upon another's property, he is entitled to reimbursement and is entitled to the remedy of subrogation to obtain reimbursement ... He is not officious where he was under a duty to make the payment as for example where he was a surety."

Here the actions of Appellant were not officious and the enrichment of Appellee was unjust. As such, it is subject to the remedy of subrogation and indemnity.

The insured here paid premiums for a policy covering personal injury suits. The Insurance Company (i.e. Appellant) had a moral and legal duty to defend and indemnify its insured. Failure in this duty would have subjected the

insured—actually an innocent third party—to more expense and more litigation. Thus, Appellant, did indeed have a duty to protect its insured, albeit not the primary duty.

In considering the second issue presented, we agree with United States Fidelity and Guaranty Corporation. Michigan Millers Mutual Insurance Company would certainly not be entitled to recover from Appellee if in a volunteer status or if in a volunteer status *without more* (emphasis ours). *Campbell v. Foster Home Association,* 163 Pa. 609, 30 A. 222 (1894); *Home Owner's Loan Corp. v. Crouse,* 151 Pa.Super. 259, 30 A.2d 330 (1943); *First Federal Savings and Loan Association v. Reedy,* 35 Pa.D. & C.2d 299 (1964); *Willer v. Millersburg Trust Company,* 48 Pa.D. & C.2d 149 (1969). However, Michigan Millers Mutual Insurance Company is not a volunteer under the instant facts.

■ A right to contribution may be enforced either at law or in equity. *Greenwald v. Weinberg,* 102 Pa.Super. 485, 157 A. 351 (1932). Although it has been stated time and time again that subrogation will not be decreed in favor of a mere volunteer, who, without moral or legal duty to do so, pays the debt of another, we, in this case, look closely at those two words, "moral" and "legal" duty. As a surety here, Michigan Millers Mutual Insurance Company was indeed under both a moral (as insurer) and legal (as verdict loser) duty to the McQuades due to the outcome of the jury trial. This has been a recognized principle of law dating from the year 1894 where at 163 Pa. 609, 30 A. 222, in the case of *Campbell v. Foster Home Association,* it was stated:

> "Subrogation will not be decreed in favor of a mere volunteer who *without any duty,* moral or otherwise pays the debt of another. It will not arise in favor of a stranger but only in favor of the party, who on some sort of compulsion, discharges a demand against a common debtor." (emphasis ours).

■ Again, this first case, in enunciating that principle, speaks to "duty". We find here that Michigan Millers Mutual Insurance Company had a moral and legal duty to satisfy the judgment since Appellee, United States Fidelity

and Guaranty Corporation, refused to do so. (United States Fidelity and Guaranty Corporation readily admits such on p. 7 of its submitted Brief.) As *Anstine v. Pennsylvania R. Co.,* 352 Pa. 547, 43 A.2d 109, 160 A.L.R. 981 (1945) states directly on point:

> "In such a case, it is true that as a result of the payer's act, the other is enriched, but the enrichment is not unjust. This is true not only where the person who is making the payment did so with the intention to make a gift to the other, but also where he intended to obtain reimbursement from the other, if the payment was officiously made."

> "On the other hand, where the plaintiff is not officious, and he uses his property or his property is used in discharging the obligation of another, or a lien upon another's property, he is entitled to reimbursement and is entitled to the remedy of subrogation to obtain reimbursement ... *He is not officious where he was under a duty to make the payment as for example where he was a surety.*" (emphasis ours).

The usual method of enforcing a right of subrogation, by an action in assumpsit, is still available to the Insurance Company involved. *Fox v. Balodis,* 37 Pa.D. & C.2d 14 (1965). We, therefore, feel that this action in assumpsit was an open channel for Michigan Millers Mutual Insurance Company to pursue.

> "Contribution, in the often quoted phrase of Lord Chief Baron Eyre, is bottomed and fixed on general principles of justice and does not spring from a contract, although a contract may qualify it" ... (citation omitted). The obligation, it is said, arises from "the equitable principle that 'in equali jure, the law requires equality' ..." (citation omitted). That doctrine has so long been part of the law that persons engaged as co-obligors in the absence of express understanding otherwise, are held to have dealt with it as an implied term in their relations. It is applied in Pennsylvania, both in equity and at law. *Greenwald,* supra, [102 Pa.Super.] at p. 488 [, 157 A. 351]. (Although

dealing with negotiable instruments, this case can be analogized as on point to the case before us).

As a final point, Michigan Millers Mutual Insurance Company attempted to preserve and protect itself and its rights by filing an Order to mark the judgment in the original action to the use of the defendant. "Those who are in the situation of surety ... who do not by paying preserve and protect some interest in their own property ... are not within the equity of subrogation." *Martin v. National Surety Corporation,* 437 Pa. 159, 262 A.2d 672 (1970). By reverse logic in applying *Martin,* id, Michigan Millers Mutual Insurance Company is therefore "within the equity of subrogation."

Reversed and Remanded for appropriate hearing.

CAVANAUGH, J., concurs in the result.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

I agree with the result reached by the majority, for appellant was not acting as a volunteer when it paid the entire judgment; it had at least a duty to pay as a secondary insurer. *See Dominski v. Garrett,* 276 Pa. Superior Ct. 18, 419 A.2d 73 (1980).

Moreover, the equities, which are properly considered here since subrogation is based on equitable principles, are in appellant's favor. *Dominski v. Garrett, supra; Associated Hospital Service of Philadelphia v. Putsilnik,* 262 Pa. Superior Ct. 600, 396 A.2d 1332 (1979). There were two insurance companies, appellant and appellee, only one of which was the primary insurer. Appellant believed it might have at least a secondary obligation, and appellee denied coverage altogether. In this situation, appellant paid the entire amount before its dispute with appellee was settled, rather than force the insured to go uncompensated in the interim. On these facts, the lower court found that appellant had acted as a volunteer when it paid the judgment because appellee was in fact the primary insurer. This result is clearly

inequitable, for not only is appellee released from an obligation that was its primary responsibility, but appellant is penalized for good faith conduct that resulted in the insured being completely and promptly paid.

I therefore concur in the order reversing the order of the lower court.