## Reisinger *v.* Magee et al., Appellants.

*Promissory note—Lost note—Execution—Indemnity—Statute of limitations—Practice, C. P.*

Judgment may be entered in favor of plaintiff in a suit on a promissory note, although the note is lost.   In such case the court will control the execution so as to protect defendant, either by restraining the execution until he is sufficiently indemnified by plaintiff, or until he is fully protected by the bar of the statute of limitations.

Argued Oct. 23, 1893.   Appeal, No. 5, Oct. T., 1893, by defendants, E. Magee & Co., from judgment of C. P. No. 1, Allegheny Co., June T., 1890, No. 840, on verdict for plaintiff, Clarence Reisinger.   Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for balance of purchase money due on sale of lease.

Appellant's paper book did not contain the statement or plaintiff's points.   It also omitted the charge of the court in the order required by Rule 17.

From plaintiff's statement as printed in appellee's paper book it appeared that plaintiff claimed to recover a balance due on sale of lease.   A note for $600 had been given for the amount by Howard, an accommodation maker, but the note had been lost.

The court charged in part as follows by COLLIER, J. :

" The first money was paid and a note was given for the balance, which has been lost.   They now sue upon the original

contract as if the dealings were between these parties origi-
nally, and they have a right to do that; and it is totally imma-
terial whether the note was protested or not, as far as the
defendants, Magee & Co., are concerned.   If a verdict is given
against them here, there is no likelihood of their having to pay
that note in the hands of an innocent party who got it before
maturity.   The court will protect them by compelling the
plaintiff in court to file a bond of indemnity to protect the de-
fendants."

Defendant's points, which were refused, were as follows:

" 1. The plaintiff is not entitled to judgment under the evi-
dence, for the reason that he has not filed a copy of the note
sued on in this case with his statement of claim.

" 2. That he is not entitled to judgment, nor can he recover
in this action, because he has not produced the original note
nor a copy of the same on the trial of this case.

" 3. That if the jury should find for the plaintiff it can only
be for the principal without interest, as there is no evidence in
the case to show that a bond of indemnity was ever tendered
defendant before suit was brought.

" 4. James Howard, Jr., being the maker, and E. Magee &
Co. the indorsers in this lost note, there can be no recovery as
against the defendants in this case.

" 5. Under the evidence in this case, the verdict should be
for the defendants."

Verdict and judgment for plaintiff for $749.40.   Defendant
appealed.

*Error assigned* was that " the court erred in refusing to af-
firm defendant's points, which were as follows," quoting points
but not answers.

*A. H. Moeser, H. F. McGrady* with him, for appellants, cit-
ed: Act of May 25, 1887, P. L. 271; Imhoff v. Brown, 30 Pa.
505; Montour Iron Co. v. Coleman, 31 Pa. 80; Hunter v. Reilly,
36 Pa. 509; McConeghy v. Kirk, 68 Pa. 200; Lawrence v. Fus-
sell, 77 Pa. 460; Knapp v. Duck Creek Valley Oil Co., 53 Pa. 185;
Krise v. Neason, 66 Pa. 253; Slone v. Thomas, 12 Pa. 209;
Porter v. Wilson, 13 Pa. 642; Bigler v. Keller, 8 W. N. 323;
Bisbing v. Graham, 14 Pa. 14; Yerkes v. Mooney, 1 W. N.

433 ; Keyes's Ap., 65 Pa. 196 ; Milne v. Marshall, 5 Phila. 131 ; Fitchett v. North Penn. R. R., 5 Phila. 132.

*W. K. Jennings*, for appellee, cited : Shriner v. Keller, 25 Pa. 61.

PER CURIAM, November 6, 1893 :

In the preparation of their paper-book, defendants have neglected to comply with the rules of court in several particulars. For that reason alone plaintiff would be entitled to an affirmance of the judgment.   But waiving that, there appears to be nothing in either of the specifications of error that would warrant a reversal.   From the statement of claim,—supplied by the appellee,—and the charge of the learned trial judge, it appears that the suit is for balance purchase money due on sale of the coal yard lease referred to in the testimony.   It also appears that said balance is represented by the note alleged to have been lost ; but the court can so control the execution as to amply protect the defendants against the collection of said note by innocent holders for value.   This may be done by restraining the execution until they are sufficiently indemnified by plaintiff, or until they are fully protected by the bar of the statute.   According to the evidence, the note was at six months from June 3, 1887, and will therefore be barred by the statute of limitations in a few weeks.

The verdict was warranted by the testimony, and there appears to be nothing in the record that requires a reversal of the judgment entered thereon.   The court below, on application of defendants, will see that they are properly indemnified, or otherwise protected against the outstanding note.

Judgment affirmed, with stay of execution until leave to issue the same is granted by the court below.