Parker, (to use, Appellant,) v. Rodgers et al.

Argued October 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Francis Chapman,* with him *W. A. Hamilton,* tor appellant.

*Elston C. Cole,* with him *Oliver C. Riethmiller,* for appellees.

OPINION BY PARKER, J., January 29, 1937:

The questions raised on this appeal involve the right of contribution between joint tort feasors against whom a judgment has been recovered, and, more particularly, the measure to be applied if contribution is allowed.

Dorothy Keebler Parker brought an action in trespass against Marion W. Rodgers, Robert Glenzinger and Margaret Paugh to recover damages for an injury sustained in a collision between an automobile owned and operated by Rodgers and an automobile owned by Mrs. Paugh and driven by Glenzinger. A trial by jury resulted in a verdict of $6,000 for plaintiff against the three defendants. Harleysville Mutual Casualty Com-

pany, which had insured Mrs. Paugh as owner of one car and Glenzinger who was operating it, paid to plaintiff one-half of the judgment, $3,000 with interest. Defendant Rodgers then paid the remaining one-half by purchasing the judgment for $3,000 and interest, and causing it to be marked to the use of Charles T. Bunting. It appeared that Bunting was acting for the insurance carrier of Rodgers, but the fact that this is a contest between the respective insurance companies in no way affects the questions involved. Bunting then issued an attachment execution naming Harleysville Mutual Casualty Company as garnishee to recover contribution on the theory that as among the defendants each was liable for one-third of the whole judgment. The garnishee, contending that Mrs. Paugh and her driver were liable as to Rodgers for only one-half of the judgment, took a rule to show cause why the judgment to use should not be stricken off, the attachment quashed and the prothonotary directed to mark the judgment satisfied. An answer was filed and after argument the rule was made absolute when an appeal was taken to this court. We are of the opinion that the court below correctly disposed of the matter.

We will first consider the question which goes directly to the merits of the controversy and later refer to a technical defense raised for the first time in this court. We will assume, as the court below and the parties have, that the facts bring this case within an exception to the general rule that contribution may not be enforced among joint tort feasors, which exception was recognized in the case of *Goldman v. Mitchell-Fletcher Co.*, 292 Pa. 354, 141 A. 231. This brings us at once to a consideration of the basis upon which contribution should be allowed. The record establishes the facts that while Mrs. Parker recovered a judgment against all three defendants, thereby making each of them liable to her for the entire judgment, Rodgers and Glen-

zinger were each liable by reason of the manner in which they operated the respective cars, but that Mrs. Paugh was liable only because of the negligence of her driver, Glenzinger, on the principle of respondeat superior. Mrs. Paugh was not present at the time of the accident and there was no claim or proof that she was responsible to the plaintiff in any other capacity or on any other account than that which arose by reason of the relation of master and servant and because of the negligence of her servant. While some question is raised as to whether the record discloses that the driver acted as an employee or as a member of the household of Mrs. Paugh the only claim or proof of liability on her part was by reason of negligence imputed to her as master, as a matter of law.

"The doctrine of contribution rests on the principle that, when the parties stand in æquali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest ...... [It] comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation": 13 C. J. 821. "Contribution is bottomed and fixed on general principles of natural justice, and does not spring from contract": *Dering v. Earl of Winchelsea*, 1 Cox 318, cited with approval in *Armstrong County v. Clarion County*, 66 Pa. 218, 221. As expressed by Judge LINN, now Mr. Justice LINN, in *Greenwald v. Weinberg*, 102 Pa. Superior Ct. 485, 488, 157 A. 351, "their joint relation imposed equality of burden". One debtor may not recover from his co-obligors until he has paid more than his share and then only the excess he has paid: 13 C. J. 825. Where contribution is allowed among joint tort feasors after judgment recovered against them, the allowance is based not on the tort but arises by reason

of an implied engagement of each to contribute on an equitable basis a sum sufficient to satisfy the judgment and to bear the common burden as reason and natural justice dictate. Where the joint judgment debtors are all in the same class no difficulty is encountered and each must bear his pro rata share: *Goldman v. Mitchell-Fletcher Co.,* supra.

The question now raised arises by reason of the fact that the three judgment debtors here involved were not in the same class. The rights of the plaintiff against the defendants and the rights of the defendants inter sese are not the same. The claim of the plaintiff was based on a tort and she was privileged to exact payment of the whole sum from any one or more of the defendants, while the claims of the defendants among themselves are founded on the application of equitable principles and do not sound in tort. We recognized this distinction in the case of *Feldman v. Gomes,* 98 Pa. Superior Ct. 84, where in a claim for contribution we held that if one defendant in an action in trespass discharged the debt he might have the judgment marked to his use or to the use of another for him, but that when he sought to collect the judgment from his co-defendant he could not employ a capias ad satisfaciendum but was confined to the remedies available for the collection of an ordinary debt.

This case, as we have said, is to be differentiated from others by the fact that the defendants are not all in the same class. They were properly joined by the plaintiff in one action which could not have been done prior to the passage of the sci. fa. act providing for joining additional defendants: *Williams v. Kozlowski,* 313 Pa. 219, 226, 169 A. 148; *Brennan v. Huber,* 112 Pa. Superior Ct. 299, 308-309, 171 A. 122. However, the old distinction on which the former rule was founded remains for some purposes.

Rodgers and Glenzinger were the persons who com-

mitted the actual tort or wrong as distinguished from a legal tort. Mrs. Paugh was not present when the accident occurred, but was only liable as the master of her servant and driver, Glenzinger. It was not alleged nor shown that she was personally and directly guilty of any trespass or was responsible by reason of anything which she personally did or omitted to do. Her responsibility even to the plaintiff did not arise from any act which was on her part morally wrong, but her liability was based on a legal principle that has become a part of the positive law of the Commonwealth that the negligence of a servant acting within the scope of his employment is imputed to the master. We agree with the learned judge of the court below that Mrs. Paugh's liability being purely derivative and because she and the driver are responsible to the plaintiff for one and the same act of negligence committed by the servant alone, both reason and justice require it to be held that Rodgers is not entitled to contribution since he has paid but one-half of the judgment.

In this connection it is to be observed that as between Mrs. Paugh and her driver she was entitled to recover from the driver the amount she was compelled to pay through his sole fault: 6 R. C. L. §18, p. 1058; Note to *Robinson v. Paducah,* 40 L. R. A. (N. S.) 1153 et seq. That the principal and agent in the circumstances here present should not be obliged to contribute separately is in accord with the principles of contribution followed in cases where no tort was involved. See *Com. v. American Surety Co.,* 112 Pa. Superior Ct. 270, 170 A. 305. That our conclusion may not be misinterpreted we call attention to the fact that we do not adopt as a basis for the measure of contribution the number of automobiles involved in the accident, but rather the number of persons primarily and directly concerned in the tort committed. It will be time enough to consider the proper measure to be applied in a case where a

different number of persons are directly concerned in automobiles coming into collision when such a case is presented to us.

The appellant also raises in this court for the first time the contention that the court did not have the right to quash the attachment since there was no defect, it is alleged, in the record rendering the attachment proceeding irregular or void, relying on *Pasquinelli v. Southern Macaroni Mfg. Co.*, 272 Pa. 468, 116 A. 372. Ordinarily this court will not consider questions which were not raised in the lower court but are argued for the first time on appeal: *Armstrong & Latta v. Phila.*, 249 Pa. 39, 43, 94 A. 455. However, this objection overlooks the fact that the rule which was made absolute also asked that the judgment should be satisfied and that the marking of the judgment to the use of Bunting should be stricken off. The satisfaction of the judgment was a matter within the control of the court below and the marking of the judgment to the use of Bunting was a matter peculiarly within the equitable powers of the court. The facts essential to a determination of questions raised on the rule to show cause appeared from the pleadings without further proof. In addition the appellant in his history of the case in his brief submitted to this court said: "Defendant Rodgers then paid the remaining half, $3,000 with interest by purchasing the judgment from plaintiff and causing it to be marked to the use of Charles T. Bunting." It appearing that the judgment has been paid and that Rodgers is not entitled to the equitable relief for which he has asked, the judgment should be satisfied. It follows that the attachment would fall.

Judgment affirmed.