Anstine et al. *v.* Pennsylvania Railroad Co., Appellant, et al.

Argued December 3, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Spencer G. Nauman,* with him *Wilhelm E. Shissler,* for appellant.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellee.

OPINION BY MR. JUSTICE DREW, January 4, 1943:

This action in trespass was instituted by the parents of John Brindle Anstine, a minor (who has since reached his majority necessitating the amendment of the record accordingly), in their own right and in his behalf, to recover damages for injuries suffered by the son in a collision between one of the trains of defendant railroad and an automobile in which he was a guest passenger. The jury returned a verdict in favor of the parents in the sum of $3,938.65, and in favor of the son in the sum of $20,000, and the defendant thereupon filed motions for judgment non obstante veredicto and for a new trial. The motion for judgment n. o. v. was dismissed, but the court directed the son to remit all in excess of $10,000 upon condition that a new trial be granted if he failed to do so. A remittitur was filed by him, judgments were accordingly entered, and defendant company appealed.

This is the second time the case has been tried and appealed. The first trial also resulted in verdicts for plaintiffs. After the court en banc overruled motions for judgment n. o. v. and for a new trial, an appeal was taken to this court. We there held (342 Pa. 423) that the court below had committed no error in refusing the motions for judgment n. o. v., but that since the verdicts did not dispose of the issue as to Harry R. Davis, Jr., one of defendants, and because of certain trial errors, the case was remitted with a venire.

In considering the motion for judgment n. o. v., the record of the second trial has been examined in detail and it clearly appears that the testimony adduced by plaintiffs, as to the manner in which the accident happened, is identical to that which they offered at the first trial, upon which we have heretofore passed. We are

still of opinion, under this evidence, that it was for the jury to determine whether the signal given of the train's approach to the crossing was adequate.

In support of its contention that a new trial should be granted, defendant company argues that the verdict in favor of the son, John Brindle Anstine, as reduced by the court below, is excessive. In view of the serious and permanent nature of the injuries suffered, the verdict obviously is not excessive, and, therefore, it must be permitted to stand.

Judgment affirmed.

Mr. Chief Justice SCHAFFER dissents.