DI BENEDICTIS et al. v. UNITED STATES
(DI BENEDICTIS, third party defendant).

Civ. A. No. 9445.

United States District Court
W. D. Pennsylvania.

March 7, 1952.

Hubert Teitelbaum, Pittsburgh, Pa., for plaintiffs.

Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

■ The intersection of Fifth Avenue and Smithfield Street in the City of Pittsburgh, Pennsylvania, is one of the busiest intersections in said city. In the early morning of January 19, 1951, between 3:00 and 4:00 A.M., defendant by one of its drivers, was driving a mail truck or bus northerly on said Smithfield Street. Louis Di Benedictis was driving a Pontiac Sedan easterly on Fifth Avenue, in which were riding his wife, Alma Di Benedictis, and two passengers riding on the rear seat. The truck of defendant and the Pontiac Sedan of Louis Di Benedictis came into collision at said intersection because the driver of said truck and the driver of said Pontiac Sedan were each driving their vehicles at a high and negligent rate of speed and without having the same under control. Alma Di Benedictis and Louis Di Benedictis brought actions together under the Federal Tort Claims Act against the defendant in this case, in which they charged that the defendant was negligent in driving its auto truck or bus at a high, dangerous and excessive rate of speed.

The defendant filed an answer thereto, denying the negligence charged, alleged that the accident was caused by the negligence of Louis Di Benedictis, and filed also a counterclaim for repairs to the truck in the amount of $158.42.

After petition to this Court on November 26, 1951, a severance was ordered of the claims of plaintiff Alma Di Benedictis from the claims of plaintiff Louis Di Benedictis, and leave was given to defendant to make Louis Di Benedictis a third-party defendant in this action. Defendant in its pleadings also claimed the right to contribution against Louis Di Benedictis for any amount that might be recovered against it.

No question of negligence of Alma Di Benedictis is involved in this case because it was orally stipulated by the parties and made an Order of Court at the pretrial that she was not guilty of any contributory negligence. The question of negligence of the defendant in Alma Di Benedictis' case is one for the Court.

■ If Louis Di Benedictis was guilty of contributory negligence, he cannot recover as against the defendant, nor can the defendant recover on its counterclaim against Louis Di Benedictis by reason of negligence of the driver of defendant's truck or bus. See 28 U.S.C. § 1346(b); Cardarelli v. Simon, 1942, 149 Pa.Super. 364, 27 A.2d 250.

■ Defendant is entitled to contribution from Louis Di Benedictis of one-half of the judgment entered in this case. See

12 P.S. § 2081; Austine v. Pennsylvania Railroad Co., 1945, 352 Pa. 547, 43 A.2d 109, 160 A.L.R. 981; Rule 14(a) of Federal Rules of Civil Procedure, 28 U.S.C.; Howey v. Yellow Cab Company, 3 Cir., 1950, 181 F.2d 967, affirmed United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

Plaintiff Alma Di Benedictis' claim for damages as set forth in her Complaint is: ' * * * as a result of which she has suffered, and may, and probably will in the future, continue to suffer great pain and agony, and she has been and probably will in the future be hindered and prevented from attending to her usual and daily duties, to her great damage and loss."

This claim seems to be limited to pain, suffering and inconvenience and does not embrace a claim, as contended for at the hearing, for impairment of her earning power. Under Pennsylvania law a married woman ordinarily, where she has a husband with whom she is living, is entitled to damages only for pain, suffering and inconvenience, the husband being entitled to recover damages for expenses and for loss of her services, including consortium. It appears from the evidence that she has been married about six years; that she ordinarily did her household work in her home which she is not able to do now; that about a year prior to the accident she worked for about three weeks for a third person; and also that she worked about six years ago for two years for another person. There was no evidence that it was her intention or that of her husband that she continue to work for others after this accident up to and including the present time. Under the law, I am of the opinion that she cannot recover for impairment of earning power or for medical expenses. I call attention to the case of Frysinger v. Philadelphia Rapid Transit Company, 1915, 249 Pa. 555, 95 A. 257.

It may not be amiss to call attention to the Pennsylvania Statutes relating to negligence of automobile drivers generally and at intersections, as follows:

75 Purdon's Stat. § 572(a) (b):
"Right of Way

"(a) When two vehicles, or two street cars, or two trackless trolley omnibuses, approach or enter, or when any vehicle, street car, or trackless trolley omnibus, approaches or enters an intersection at approximately the same time, the driver of the vehicle, street car, or trackless trolley omnibus on the left, shall yield the right of way to the vehicle, street car, or trackless trolley omnibus on the right, except as otherwise provided in this act. The driver of any vehicle, street car, or trackless trolley omnibus traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder.

"(b) The driver of a vehicle, street car, or trackless trolley omnibus, approaching but not having entered an intersection, shall yield the right of way to a vehicle within such intersection * * *."

75 Purdon's Stat. § 501(a) (b):
"Restrictions as to Speed

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

"(b) Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful:

"1. * * *

"2. * * *

"3. Twenty (20) miles an hour speed limit:

* * * * * *

"All vehicles, except those being operated on through highways, and those restricted by this act to lower maximum speeds, when approaching within fifty (50) feet and in traversing an intersection of highways, within a business or residence district, or in traversing an intersection in

a public park area, when the driver's view is obstructed, except on highways controlled at intersections by peace officer or traffic signal. A driver's view shall be deemed to be obstructed if, during the last fifty (50) feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection * * * for a distance of two hundred (200) feet from such intersection."

I conclude that the judgment aforesaid is the correct judgment under the law and the facts.

The action in this case came on for hearing and after hearing and consideration thereof, the Court makes the following Findings of Fact, Conclusions of Law and directs the entry of judgment as stated herein.

### Findings of Fact

1. The plaintiffs are Alma Di Benedictis and Louis Di Benedictis, her husband, residents of Pittsburgh, Allegheny County, Pennsylvania, and the defendant is the United States of America. This action is brought under the Act of Congress of the United States of June 25, 1948, c. 646, 62 Stat. 933, 983, as amended, 28 U.S.C. §§ 1346(b) and 2674.

2. On January 19, 1951, the defendant owned, possessed and used in the course of operations of the Post Office Department, a certain Post Office truck or bus bearing United States license plates Number P380.

3. On January 19, 1951 between 3:00 and 4:00 A.M. said Post Office truck was operated by one Thomas Salmon, an agent, servant, and employee of the defendant, then and there engaged in the defendant's Post Office work and within the scope of his employment.

4. On said date the bus or truck of the defendant was operated northwardly on Smithfield Street, in the City of Pittsburgh, Pennsylvania. When said truck or bus arrived at the point where the aforesaid Smithfield Street intersected Fifth Avenue in said City, it came into collision with a certain 1949 Pontiac Sedan owned and then operated by plaintiff, Louis Di Benedictis, driving eastwardly on Fifth Avenue. His wife, Alma Di Benedictis, was a passenger therein and sitting beside Louis Di Benedictis on the front seat. There were also two persons, a man and a woman, riding on the rear seat. Alma Di Benedictis was thrown violently, resulting in injuries to her, more particularly stated hereinafter.

5. The accident was caused by the defendant driver of said truck or bus and the plaintiff driver of Pontiac Sedan in negligently running and operating said truck or bus and Pontiac Sedan at a high, excessive and negligent rate of speed under the circumstances and by failing to have said truck and automobile under proper and adequate control at the time.

6. By reason of said accident, Alma Di Benedictis suffered sprain of the cervical spine, sprain of the upper dorsal spine, muscles of both shoulders, traumatic derangement of the lower back with involvement of the lumbar spine, lumbo-sacral joint, and severe shock to her nervous system.

7. By reason of the injuries received from said accident, Alma Di Benedictis has suffered and will in the future continue to suffer pain and inconvenience, some of which may last during her lifetime. She is now of the age of twenty-eight years. By reason of said injuries, she cannot act or move in a normal way; she is unable to do her regular housework in her home which she formerly did; she has been compelled to undergo medical treatment since the date of the accident; at first she was required to see a doctor daily, later three or four times a week, and at the present time about once a week.

8. By reason of the injuries to Alma Di Benedictis, there are medical expenses in the amount of $563.

9. The accident, injuries and damage of Alma Di Benedictis were caused by the concurring negligence of defendant's driver and her husband, the driver of the Pontiac Sedan, Louis Di Benedictis.

10. The acts and negligence of Louis Di Benedictis contributed to the accident

and the injuries and damage of Alma Di Benedictis.

11. The acts and negligence of the driver of defendant's truck contributed to the accident and injuries of Alma Di Benedictis.

12. Alma Di Benedictis has suffered damage by reason of pain, suffering and inconvenience to the present time and by reason of pain, suffering and inconvenience which she will suffer in the future, in the amount of $4,000.

13. Defendant's truck was injured and defendant suffered damages by reason of repairs in the amount of $158.42. The damage to said truck was caused by the negligence of Louis Di Benedictis and the concurring and contributing negligence of the driver of defendant's truck.

14. The car of Louis Di Benedictis was damaged in the amount of $667.78 by reason of the concurring negligence of said Louis Di Benedictis and the driver of defendant's bus.

### Conclusions of Law

1. The accident, injuries and damage of Alma Di Benedictis were caused by the concurring negligence of the defendant and that of Louis Di Benedictis.

2. The acts and negligence of Louis Di Benedictis contributed to the accident, injuries and damage of Alma Di Benedictis.

3. The acts and negligence of the driver of defendant's truck or bus contributed to the injuries and damage to defendant's truck, and the acts and negligence of Louis Di Benedictis contributed to the injuries and damage to his Pontiac Sedan.

4. The plaintiff Alma Di Benedictis is entitled to judgment against the defendant in the amount of $4,000 for pain, suffering and inconvenience.

5. The defendant is entitled to judgment against Louis Di Benedictis on his claim by reason of contributory and concurring negligence of Louis Di Benedictis.

6. The defendant is not entitled to judgment against Louis Di Benedictis for injury to its truck by reason of contributing and concurring negligence of the driver of defendant's truck.

7. The defendant is entitled to contribution against Louis Di Benedictis for one-half of the damages, to-wit; $2,000 allotted to Alma Di Benedictis in her case.