## Socha v. Metz

*I. Raymond Kremer, Melvin C. Fisher* and *Morris L. Rush,* for plaintiff.

*Max E. Cohen,* for defendant.

*Abraham L. Freedman,* city solicitor, and *Raymond Kitty, Israel K. Levy, Bernard Cheskin* and *James Francis Ryan,* assistant city solicitors, for additional defendant.

CRUMLISH, J., May 8, 1955.—The above matter is before us on a petition for rule to show cause why the writ of mandamus execution issued by plaintiff and against the City of Philadelphia, additional defendant, should not be quashed and execution against it upon said judgment should not be stayed, and also to show cause why judgment against it should not be: (a) Satisfied of record because of plaintiff's failure to file a petition for an award by the Pennsylvania Workmen's Compensation Board within one year from date of the alleged accident, or (b) should not be paid according to schedule set forth in the Pennsylvania Workmen's Compensation Act and limited to the aggregate amount therein provided.

As the rule suggests, the record presents a most extraordinary situation. Plaintiff is the personal representative and widow of Stanley A. Socha, who died as a result of a collision between a sanitation truck owned by the City of Philadelphia, in which he was a passenger, and a vehicle operated by defendant, Ernest Metz. Subsequently, defendant Metz joined Hugh F. Brown, driver of the city's truck and the City of Philadelphia, as additional defendants, alleging "the collision was directly, absolutely and solely due to the careless, reckless and gross negligence of the servant, agent, employee of additional defendant, City of Philadelphia operating its truck".

The case came on for trial before Hagan, J., and a jury and resulted in a verdict for plaintiff against Ernest Metz, Hugh Brown and the City of Philadelphia in the sum of $40,000.

Subsequently, the City of Philadelphia filed a motion for a new trial and assigned the following reasons: (1) The verdict was against the law; (2) the verdict was against the evidence; (3) the verdict was against

the weight of evidence; (4) the verdict was excessive. Permission was requested to file additional reasons when the notes of testimony were transcribed and filed but no additional reasons were filed by the city.

Defendant Metz, in his motion for new trial filed identical reasons and subsequently after the notes of testimony were transcribed and filed, assigned an additional reason.

The motions for a new trial were refused and judgment was entered on the verdict.

After the issuance of attachment sur judgment in which Metz's insurance carrier was summoned as garnishee, the said carrier paid to plaintiff the sum of $15,000, and as a result thereof the attachment was discontinued of record.

The city in its petition for rule to show cause, as aforesaid, for the first time raises the point that, since plaintiff's decedent was an employe of the city at the time of the accident, the latter would not be liable in any action of trespass but only under The Workmen's Compensation Act. At length it contends that the mandamus execution was illegally issued because:

"(a) Plaintiff's decedent, Stanley A. Socha, and the City of Philadelphia were subject to the provisions of the Pennsylvania Workmen's Compensation Act, as amended;

"(b) that the plaintiff could not maintain a separate action of trespass against the defendant, City of Philadelphia;

"(c) that the joinder of the City of Philadelphia as an additional defendant in the above case could only be made by the original defendant to protect a right of contribution between him and the additional defendant, City of Philadelphia;

"(d) that under the provisions of the Pennsylvania Workmen's Compensation Act, as amended, the plaintiff is prevented from issuing execution upon her judgment against the additional defendant, City of Philadelphia."

It is further averred that prior to the institution of this action, the City of Philadelphia forwarded to counsel for plaintiff a compensation agreement to be executed by her and filed with the compensation board whereby the City of Philadelphia would be obligated to pay her the weekly amounts set forth in The Workmen's Compensation Act but she failed and refused to sign said agreement; that plaintiff has failed to file her petition with the Workmen's Compensation Board within one year from the date of the accident, and that the city's contribution towards the payment of said judgment is limited to the amount of its liability by The Workmen's Compensation Act.

From the record it clearly appears that the defense of the city that it is not liable in an action of trespass but only under The Workmen's Compensation Act was not raised before the court in any manner until the petition to quash the mandamus execution was filed. The pleadings are devoid of any such defense. Furthermore, at the conclusion of the trial judge's charge, the record discloses this colloquy between the court and the assistant city solicitor, representing the City of Philadelphia:

"Mr. Kitty: I likewise withdraw the request for the City of Philadelphia, I am perfectly satisfied with the charge as it is.

"The Court: You withdraw your point for binding instructions?

"Mr. Kitty: Might as well.

"The Court: You do?

"Mr. Kitty: Yes sir."

It therefore appears that the question before the court at this time is, may a judgment regular on its face be controlled by setting up a defense which was at no time raised prior to the entry of judgment or during the term time thereof, but only in resisting the execution proceedings thereon?

The city's contention is that although the judgment is regular on its face, nevertheless, since the relation of master and servant is admitted, the court should control the execution and so mold the record limiting the city's liability to the extent of plaintiff's right to recover against it under The Workmen's Compensation Act. Plaintiff, on the other hand, insists that the judgment being regular on its face, the city cannot in a subsequent proceeding to collect thereon set up, for the first time, a defense on the merits.

There is no doubt that it is well settled common-law rule that in the absence of allegation of extrinsic fraud it is too late, after term time, to set up any defense existing before the entry of judgment; a judgment settles everything involved in the right to recover, not only all matters that were raised, but all that might have been raised. Opening of Parkway, 267 Pa. 219, 226 (1920); Com. ex rel. v. Hinkson, 161 Pa. 266, 269 (1894); Schlosberg v. City of New Castle, 100 Pa. Superior Ct. 139 (1930).

However in Maio v. Fahs, 339 Pa. 180 (1940), where an employe-plaintiff, who had been injured as a result of joint negligence of the employer and the original defendant, the employer having been an additional defendant under the provisions of the Act of April 10, 1929, P. L. 479, as amended, it was held that the fact that the employer had entered into a compensation agreement with plaintiff did not prevent the entry of a judgment on a verdict against the em-

ployer and the original defendant jointly. Justice Maxey, speaking for the Supreme Court, said, at page 187:

"Appellant Turner & Wescott challenges the judgment against it, asserting that plaintiff's exclusive remedy against it for the wrongful death of her husband, its employee, is under the Workmen's Compensation Act of June 2, 1915, P. L. 736. It is clear that no original action against Turner & Wescott could have been maintained: Swartz v. Conradis, 298 Pa. 343, 148 A. 529; Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269; 167 A. 785. In the present case appellant was brought upon the record as additional defendant by the original defendant, Fahs, on a scire facias issued under the Act of April 10, 1929, P. L. 479, as amended (12 PS sec. 141), alleging that Turner & Westcott was 'severally with him, or alone, liable to the plaintiff for the cause of action declared on in the said suit.' It was stipulated at the trial that after the accident Turner & Wescott entered into a compensation agreement with the plaintiff pursuant to the act, under which appellant has paid and is still paying compensation for the death of Sell, its employee. Appellant's motion for judgment n. o. v. on the ground stated above was at first allowed by the court below but on re-argument was overruled. It held that though plaintiff could not issue execution or other process to collect her judgment from Turner & Westcott, that equitable considerations required the entry of judgment against all the defendants in order that Fahs' right to contribution from his joint tort-feasor, Turner & Westcott, as determined by the jury's verdict, should not be lost or nullified: Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231; Parker v. Rodgers et al., 125 Pa. Superior Ct. 48, 189 A. 693; Cf. Act of June 24, 1939, P. L. 1075."

In Anstine v. Pennsylvania Railroad Company, 352 Pa. 547, 551 (1945), plaintiff obtained a judgment against the Pennsylvania Railroad and one Davis, the other defendant, in the sum of $20,000. The railroad company moved for a new trial and judgment n. o. v. Davis took no action with respect to the verdict, whereupon judgment was entered against Davis for $20,000. The railroad company's motions were heard and disposed of by an order granting a new trial " '. . . unless the plaintiff shall, within 15 days of this order, remit $10,000 of the verdict. Upon filing a remittitur of that amount and payment of the filing fee the motion for new trial is overruled and judgment is directed to be entered in favor of the plaintiff, John Brindle Anstine, upon the verdict as remitted . . .'. Plaintiff elected to accept the reduced amount, filed the remittitur and caused judgment to be entered against the railroad company in the sum of $10,000, . . . The plaintiff collected from the railroad company the amount of the judgment with interest and filed of record an acknowledgment of payment and had the judgment marked 'to the use of the Pennsylvania Railroad Company'."

It appeared that Davis' liability was insured and that plaintiff was taking steps in the United States District Court for the Middle District of Pennsylvania to collect on his judgment against Davis. The railroad company, after paying the judgment entered on the verdict, as reduced, became entitled to contribution from Davis, the joint tortfeasor. Davis' insurer was ready and willing to contribute one half of the amount expended by the railroad company but was precluded from doing so by the litigation instituted by plaintiff against it and Davis. The railroad company filed its petition for rule to show cause why

plaintiff should not be restricted to the reduced amount of judgment, etc.

It was there held that the Act of June 24, 1939, P. L. 1075, providing for contribution among joint tortfeasors, originated in equity and may be enforced by application of equitable principles, and at page 551, Justice Linn speaking for the court, said:

"It is of no consequence that the parties did not, in express words, include the disposition of plaintiff's judgment against Davis; that was implied. The settlement had the same legal effect as if that agreement had been written out at length. The subject was not put beyond the control of the court by the expiration of the term or by the failure of the parties to express it in the settlement; this result follows because the plaintiff could not enforce his judgment except by writ of execution, which was subject to the control of the court: cf. Cake v. Cake, 192 Pa. 550, 552, 43 A. 971; Reisinger v. Magee, 158 Pa. 280, 27 A. 962; Maio v. Fahs, 339 Pa. 180, 190, 14 A. 2d 105; Parker v. Rodgers, 125 Pa. Superior Ct. 48, 189 A. 693. If, after having made the settlement which discharged both joint tortfeasors, plaintiff should have attempted to issue execution on the judgment of $20,000, the court, on proper application, would immediately have taken control of the execution and directed that on the payment to the railroad company of one-half of the sum paid in satisfaction of plaintiff's judgment against it, the judgment of plaintiff against Davis must be satisfied. The court below might have gone further and directed that the judgment against Davis be satisfied by payment to the railroad company of one-half the amount paid by it to the plaintiff."

In McIntyre v. Strausser, 365 Pa. 507 (1950), a suit for personal injuries by plaintiff against his employer, the driver of the car in which plaintiff was a

guest, and the owner and operator of another automobile which collided with the one in which plaintiff was riding, the verdict was against the employer and for the other defendant. The trial judge directed that the contention that plaintiff was an employe of one of defendants was not to be disclosed to the jury and that the case would be tried simply on the evidence that he was a passenger. Defendant's motion for judgment n. o. v. was dismissed without prejudice, " 'and with the right to file a petition—and obtain a rule on the plaintiff to show cause why the judgment should not be satisfied of record'."

In affirming the lower court, Mr. Justice Allen M. Stearne stated, at page 509:

"Since it is clear that the employer-defendant at the trial was properly precluded from establishing the facts concerning the employer-employe relationship, we agree with the learned court below that the proper procedure is for the employer-defendant to rule the plaintiff to show cause why the judgment should not be satisfied of record. See *Maio, Exrx., v. Fahs et al.*, 339 Pa. 180, 14 A. 2d 105."

Thus we see that where a plaintiff's rights and remedies are restricted to a claim under The Workmen's Compensation Law, nevertheless he may maintain an action against the employer brought upon the record as an additional defendant. (Maio v. Fahs, supra; Jackson v. Gleason, 320 Pa. 545; Shaull v. A. S. Beck, etc., 369 Pa. 112; Murray v. Lavinsky, 120 Pa. Superior Ct. 392), or against the employer as defendant (McIntyre v. Strausser, supra), and judgment may be entered in favor of plaintiff-employee but the court will exercise its equitable powers when it comes to execution thereon. The common law rule of finality of a judgment may be overcome by equitable power on

the showing of proper circumstances, and when required by the ends of justice. Is the judgment in the instant case one which requires the intervention of equitable relief? We think it is. Although admittedly the question of the rights and remedies of the parties under The Workmen's Compensation Act was not raised and, it might be said that they were ignored before the entry of judgment, nevertheless the record discloses beyond any doubt that the relationship of employe and employer existed between plaintiff's decedent and the City of Philadelphia. Such being the case, the Act of March 21, 1806, P. L. 558, sec. 13, comes into operation; this act provides that when a statute provides a remedy by which the right may be enforced, no other remedy than that afforded by the statute can be used and each step in the statutory proceeding can be taken only as the legislature has prescribed. See Derry Twp. School District v. Barnett Coal Company, 332 Pa. 174 (1938).

Merely because this relationship was not made an issue prior to the entry of judgment is of no moment. As we have seen in McIntyre v. Strausser, supra, the procedure of precluding the relationship in the course of the trial was approved. We are constrained to conclude that the judgment in favor of plaintiff and against the City of Philadelphia is unwarranted and unjust. Plaintiff's recovery is limited by the provisions of The Workmen's Compensation Act. Simply because this point was not raised until after judgment was entered is no reason to allow plaintiff to recover more than that to which she is substantively entitled. Although the court of common pleas had jurisdiction of the trespass action instituted by plaintiff against the original defendant and also when the city was joined as an additional defendant, the record is silent as to any disclaiming of the provisions of The Work-

men's Compensation Act by either the employer or employe. This burden was on plaintiff. See Swartz v. Conradis, 298 Pa. 343, 347 (1929).

Inasmuch as we hold that equity requires control over the execution of the judgment in favor of plaintiff and against the City of Philadelphia and in order to minimize litigation, we will construe the petition for a writ of mandamus for execution and the City of Philadelphia's petition for rule to quash the mandamus execution, etc., to be substantial compliance with the practice approved in McIntyre v. Strausser, supra.

Furthermore, in view of the misunderstanding which heretofore existed regarding the rights of plaintiff against the City of Philadelphia and in order to further eliminate litigation on the part of plaintiff, we deem it equitable to adopt the City of Philadelphia's suggestion that the sum which she would have received under The Workmen's Compensation Act, had she proceeded thereunder, should be paid over to her.

Accordingly we enter the following

### Order

And now, May 8, 1955, it is ordered and decreed: (a) That the writ of mandamus execution issued by plaintiff and against the City of Philadelphia be quashed, and (b) That the judgment entered herein in favor of plaintiff and against the City of Philadelphia be satisfied of record upon payment to plaintiff the aggregate amount of the award which she would have received had she proceeded against the City of Philadelphia, additional defendant, in accordance with the provisions of the Pennsylvania Workmen's Compensation Act.